# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1487-19

L.C.,

     Plaintiff-Respondent,

v.

R.M.,

     Defendant-Appellant.

_____

Argued February 22, 2021 – Decided September 15, 2021

Before Judges Messano, Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FV-10-0144-20.

David E. Shaver argued the cause for appellant (Broege, Neumann, Fischer & Shaver, LLC, attorneys; David E. Shaver, on the briefs).

Robert F. Rupinski argued the cause for respondent (Law Offices of Robert F. Rupinski, LLC, attorneys; Robert F. Rupinski, on the brief).

PER CURIAM

After a trial, the court entered a final restraining order (FRO) against defendant R.M. R.M. appeals, arguing the trial court erred in finding he committed the predicate act of harassment and that plaintiff required the protection of the court going forward. We affirm for the reasons set forth below.

Plaintiff L.C. and defendant had been in a dating relationship for more than a year when plaintiff ended it in February 2019. Plaintiff and defendant lived together during their relationship, and plaintiff worked weekends as a dancer at a club. Defendant was a frequent patron, including on days plaintiff worked there. In fact, the couple first met at the club.

After the break-up, defendant tried continuously to contact plaintiff via text messages and social media. Plaintiff did not respond to any of his texts and blocked him on Facebook. On August 10-11, 2019, defendant went to the club where plaintiff worked. She was not at work on August 10, but she danced on August 11 and collected tips from patrons, including defendant. Defendant again went to the club on August 12 and watched plaintiff perform, once more tipping her along with other customers. This time, however, he approached her while she was circulating with customers during a break. Defendant attempted to show her some family pictures and engage her in conversation. He told her, among other things, "God is coming for you, Jezebel." Two club employees

noticed that plaintiff appeared uncomfortable while talking to defendant at the bar in the club, and they intervened on her behalf. Defendant left the establishment without incident.

Shortly after this incident at the club, defendant reached out to the priest at plaintiff's church and sent the priest an email regarding plaintiff. The email indicated that an unnamed "church member" was suicidal, a self-mutilator, a habitual liar, heavy drug user, engaged in amoral sexual practices, was demonically possessed by "the spirit of Jezebel," was trying to take over the church, and she needed "exorcism." Defendant offered to assist the priest with the "exorcism." The email was opened by the priest, Reverend D.S., who testified at the FRO trial. Rev. D.S. considered the email to be alarming and a "threat." After some investigation, Rev. D.S. determined that plaintiff was the "church member" referenced in the email, and he forwarded the email to her. Upon reading it, plaintiff became alarmed and frightened by its content and also by the escalation of defendant's efforts to engage her.

On August 17, 2019, plaintiff obtained a temporary restraining order (TRO), which not only barred defendant from contact with her, but also with Rev. D.S. Plaintiff amended her complaint on September 13, 2019, supplementing the history between the parties.

A-1487-19

The final restraining order trial took place on October 10, 2019. Multiple witnesses testified, including the parties, Rev. D.S. and the two staffers from plaintiff's club who intervened on August 12. At trial, defendant admitted that he intended his statement, "God is coming for you, Jezebel," to provoke a reaction from the plaintiff. The trial court found insufficient evidence to support the predicate act of stalking alleged in plaintiff's amended complaint. However, the trial court found the preponderance of credible evidence at trial showed that defendant committed the predicate act of harassment pursuant to N.J.S.A. 2C:33-4(a). The court found that the totality of defendant's conduct, including his three consecutive August visits to plaintiff's job, his "God is coming for you, Jezebel" statement to plaintiff, and his "demonic possession" and "exorcism" email were actions taken or statements "made in a manner likely to cause annoyance or alarm" in violation of N.J.S.A. 2C:33-4(a). The trial court next found defendant's attempts to "cure" plaintiff from her "demonic possession" by contacting her church, as well as the history between the parties to which plaintiff testified, supported issuance of a restraining order to protect the plaintiff. The judge entered the FRO.

Defendant appeals, arguing two main points: first, the trial court erred in finding plaintiff showed sufficient evidence to satisfy prongs one and two of

4

Silver[1]; and second, that his religious comments were free speech protected by the United States and New Jersey Constitutions, and did not rise to the level of harassment.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Id. at 413 (citations omitted). Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Id. at 412 (citations omitted). A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand . . . ." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). We will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we do not accord such deference to legal conclusions and review such conclusions de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

---

[1] Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006).

A-1487-19

To determine whether the entry of an FRO is appropriate, the court must first "determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). If the court finds the defendant committed a predicate act of domestic violence, then the second inquiry "is whether the court should enter a restraining order that provides protection for the victim." Id. at 126. While the second inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127.

Defendant first makes a straightforward two-part argument against issuance of the FRO, contending that the trial court erred in making findings to support both prongs of Silver. We are not persuaded. There was sufficient credible evidence in the record for the trial court to find that plaintiff established by a preponderance of the evidence the predicate act of harassment and that a restraining order was necessary for the plaintiff's protection. We see no reason to disturb that finding. Cesare, 154 N.J. at 412.

A-1487-19

We turn to defendant's free speech argument. He argues that the conduct the trial court determined to be harassment was protected free speech. We find this argument has no merit.

The harassment statute has "been narrowly drawn so as not to impinge on protected speech." N.G. v. J.P., 426 N.J. Super. 398, 418 (App. Div. 2012). "Indeed, because the First Amendment to the United States Constitution permits regulation of conduct, not mere expression[,] the speech punished by the harassment statute must be uttered with the specific intention of harassing the listener." Ibid. (citation omitted). "A restraining order premised on harassment cannot be entered if based on a mere expression of opinion utilizing offensive language." Ibid. (internal quotations omitted) (citation omitted).

The trial court found that defendant communicated directly with plaintiff at the club, telling her, "God is coming for you, Jezebel." Defendant admitted that he wanted to provoke a reaction from plaintiff with his words. He next contacted her church in writing, accusing her of "demonic possession" and he offered to participate in an exorcism of the plaintiff. The record in its entirety reveals that defendant's words and conduct fall within the scope of intended regulation under the harassment statute. On this record, we conclude those words are not protected speech. Any of defendant's remaining arguments not

7

addressed in this opinion lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1487-19